UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------X

STUTTS, et al.,

                        Plaintiffs,

        - against -

THE DE DIETRICH GROUP, et al.,

                        Defendants.

------------------X

ORDER

CV 2003-4058 (ILG)(MDG)

    Plaintiffs, a putative class of approximately 100,000 United States veterans of the 1991 Gulf War in Iraq, bring this action alleging that they were injured when chemical weapons from Iraq's arsenal were detonated. Charter Oaks Fire Insurance Company a/s/o General Dynamics Services Company (the "Intervener") moves to intervene in this action to assert its subrogation rights. The Intervenor's motion is unopposed.

    For the reasons set forth below, the motion to intervene is granted.

BACKGROUND

    One of the named plaintiffs, Donald L. Frans, was employed by General Dynamics Services Company during the time period and at the location upon which this suit is based. Proposed Intervener's Complaint at ¶ 4. The Intervener provides benefits to the employees of General Dynamics Services Company. Id. at ¶ 3. Accordingly, the Intervener is subrogated to the rights of plaintiff Frans to the extent of any and all medical expenses and

compensation expenses incurred in the past or to be incurred in the future by the Intervener.  Id. at ¶ 5.

## DISCUSSION

A proposed intervener seeking intervention as of right must satisfy all of the following requirements in Rule 24(a) of the Federal Rules of Civil Procedure:

> (1) file a timely motion; (2) show an interest in the litigation; (3) show that its interest may be impaired by the disposition of the action; and (4) show that its interest is not adequately protected by the parties to the action.

D'Amato v. Deutsche Bank, 236 F.3d 78, 84 (2d Cir. 2001) (citations omitted).  Intervention may be denied if any of these requirements are not met.  Id.

First, although the motion to intervene was filed almost two years after plaintiffs commenced this action, the motion to intervene is timely.  The motion is unopposed and no discovery has commenced pending adjudication of various motions to dismiss.  Since there is no basis to find prejudice to any party, this factor is satisfied.  See Mortgage Lenders Network, Inc. v. Rosenblum, 218 F.R.D. 381, 384 (E.D.N.Y. 2003).

Second, the Intervener clearly has an interest in this litigation as an insurer of a plaintiff who has brought suit against a tortfeasor.  Krueger v. Cartwright, 996 F.2d 928, 932 (7th Cir. 1993) ("if an insured brings suit against a tortfeasor, the insurer who is partially subrogated may intervene in the action to protect its pro rata share of the potential recovery")

(citing 6A Charles A. Wright et al., Federal Practice & Procedure § 1546 (2d ed. 1990)).

Finally, in the absence of intervention, the Intervener's ability to protect its interest may be impaired. Plaintiff Frans does not dispute the Intervenor's interest in recovering the amounts it has paid or will pay on Frans' behalf for medical and compensation expenses. However, Frans has no incentive to seek medical and compensation expenses incurred by the Intervenor as an element of his damages. See Maricco v. Meco Corp., 316 F. Supp.2d 524, 526-27 (E.D. Mich. 2004); Mortgage Lenders, 218 F.R.D. at 384. As a result, the Intervenor must be permitted to participate in this action to protect its interest as a subrogee.

CONCLUSION

For the foregoing reasons, the motion to intervene is granted.

Any objections to this Order must be addressed to the Honorable I. Leo Glasser and filed with the Clerk of the Court, with a copy to the undersigned by December 12, 2005.[1]  Failure to file objections within the specified time waives the right to appeal.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Dated:    Brooklyn, New York
          November 28, 2005

                                    /s/
                                    MARILYN DOLAN GO
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Judge Glasser has not referred the motion to intervene to me.  Because the intervention motion was sent to me, I now address this unopposed motion.  Cf. Phinney v. Wentworth Douglas Hospital, 199 F.3d 1, 5-6 (1st Cir. 1999) (pre-trial reference authority of magistrate judges includes imposing non-dispositive sanctions); Magee v. Paul Revere Life Ins. Co., 178 F.R.D. 33, 37 (E.D.N.Y. 1998) (citing Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525-26 (2d Cir. 1990))  Should any party now seek to object, this order shall have "the effect only of a report and recommendation to the district judge, who upon the filing of objections must review de novo the recommendation."  See New York Chinese TV Programs v. U.E. Enters., 996 F.2d 21, 25 (2d Cir. 1993).